IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIMOTHY MICHAEL FRYE, JR.,

   Plaintiff,

v.

SGT. BRANDON SMITHSON, et al.,

   Defendants.

Civil Action No.: SAG-24-2387

**MEMORANDUM**

Self-represented Plaintiff Timothy Michael Frye, Jr., who is currently incarcerated at the Harford County Detention Center ("HCDC"), filed suit pursuant to 42 U.S.C. § 1983 against Sgt. Brandon Smithson, Deputy McLaughlin, Deputy Gerald, and Deputy Talbot, alleging that he was subjected to excessive force. ECF Nos. 1, 3. Defendants have moved for dismissal. ECF No. 34. Frye opposes the Motion. ECF No. 45. Also pending are Frye's Motion for Summary Judgment (ECF No. 27), Motion for Abuse of Discretion (ECF No. 53), Motion to Assure Proper Filing (ECF No. 54), Motion for Leave to Supplement (ECF No. 55), Motion Requesting Preservation of Evidence (ECF No. 56), and Renewed Motion for Appointment of Counsel (ECF No. 57). The Motions are ripe for disposition, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons stated below, Defendants' Motion will be DENIED without prejudice; Frye's motions will be DENIED except that his motion to assure proper filing will be GRANTED IN PART; and Frye will be granted leave to file an amended complaint.

I. **BACKGROUND**

Frye alleges that on January 10, 2024, while incarcerated at HCDC, he was "violently picked up" and thrown to the floor by Defendants. ECF No. 3 at 4. The incident began when Frye

asked Sgt. Smithson if he could use the phone to call his lawyer. ECF No. 1 at 1. Smithson denied his request and told him to "get walking." *Id.* Frye asked again, insisting that he had a court appearance the next day. *Id.* Smithson called Frye "white trash" and he responded by calling Smithson a "piece of shit asshole." *Id.* Frye had started walking away when Defendants assaulted him. *Id.* Smithson held an activated taser up to Frye's right temple while threatening to kill him. ECF No. 3 at 4. He then knelt over Frye and elbowed him in the head. *Id.* at 4-5. Frye asserts that he was not resisting but could not comply with Defendants' orders to flip on his stomach because Sgt. Smithson was on top of him. *Id.* at 5. He also claims that Deputies Talbot, Gerald, and McLaughlin "violently twisted" his left wrist during the altercation. *Id.* Frye was then handcuffed and taken to a holding cell. ECF No. 1 at 2. As a result, Frye states that he suffered injuries to his head, ear, and jaw as well as a wrist fracture and severe mental trauma. ECF No. 3 at 5. He seeks monetary damages and treatment for his mental and physical injuries.[1] *Id.*

## II. DEFENDANTS' MOTION TO DISMISS

Because Defendants move to dismiss the "Amended Complaint," the Court must address their argument regarding which filings serve as the operative pleadings in this case. In the Court's Order issued April 10, 2025, the Court ruled that the Complaint and Supplement (ECF Nos. 1 and 3) were the operative pleadings in this case. ECF No. 52. In their Motion to Dismiss, Defendants assert that Frye's Supplement must be construed alone as an amended complaint because it was filed within 21 days of the original complaint, and he was not granted leave to by the Court to file a supplement. ECF No. 34-1 at 1-2 (citing Fed. R. Civ. P. 15(a)(1)A)). However, Frye is proceeding pro se in this litigation, and therefore the Court is obligated to liberally construe

---

[1] Frye also seeks "pre-release of GPS program." ECF No. 3 at 5. However, release from custody is not relief available in a civil rights action. If Frye believes his incarceration is unconstitutional, he may seek relief through a petition for writ of habeas corpus.

2

his pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). While Frye may have filed his Supplement within the usual period for amending a complaint by right, the Court, in reviewing the pleading, did not find that Frye meant to replace his original Complaint with the second pleading, but rather sought to provide additional information to support his claim. For that reason, on October 30, 2024, the Court issued an Order that counsel be served with the Complaint and Supplement and for Defendants to respond to both the Complaint and Supplement. ECF No. 28 at 6, 7. Thus, the Court finds Defendants' argument that they should only consider the allegations in the "Amended Complaint" unavailing. Instead of ignoring the initial Complaint, with no notice to Frye, the Court will grant him leave to amend and combine all of his allegations into a single document, so that Defendants are not "in the precarious position of responding to differently pled factual versions of the same alleged occurrence." ECF No. 34-1 at 2. Therefore, the Court need not address Defendants' arguments on the sufficiency of the existing pleadings. The Motion to Dismiss will be denied without prejudice.

### III.  NON-DISPOSITIVE MOTIONS

#### A. Motions for Abuse of Discretion and Motion to Assure Proper Filing

Relatedly, the Court will deny Frye's Motion for Abuse of Discretion, which seems to assert that the Court has dismissed Frye's Complaint with prejudice and without leave to amend. ECF No. 53. This case has not been dismissed, and Frye will be permitted to file an amended complaint. Therefore, his Motion for Abuse of Discretion is denied.

Frye's Motion to Assure Proper Filing also seeks to have Defendants' Motion to Dismiss denied, specifically because their arguments are based on an amended complaint that does not exist. ECF No. 54 at 3. Frye also seeks leave to amend his complaint as he was unaware of his right to do so under Rule 15 and was not granted leave by the Court. *Id.* at 4. Frye's Motion will

be granted to the extent that he will be given 28 days to file an amended complaint. The Court will provide him with a copy of the civil rights complaint form. Finally, because an amended complaint will be filed, Frye's pending Motion for Summary Judgment (ECF No. 27), pertaining to the current pleadings, will be denied without prejudice.

### B. Motion Requesting Leave to Supplement

In this Motion, Frye requests to supplement his opposition to Defendants' dispositive motion. ECF No. 55 at 1. He states that he was previously on administrative segregation and is only now able to properly access materials to file a response. *Id.* at 2. Because Defendants' Motion to Dismiss will be denied, there is no need for Frye to supplement his opposition. His Motion shall be denied.

### C. Motion Requesting Preservation of Evidence

Frye also requests that evidence be preserved which he alleges shows that HCDC staff have retaliated against him for filing this civil rights action as well as other grievances at HCDC. ECF No. 56 at 1-2. "The First Amendment right to free speech includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right." *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). To state a claim of retaliation for exercising First Amendment rights, a plaintiff must show that (1) the plaintiff engaged in protected First Amendment activity; (2) the defendant took some action that adversely affected the First Amendment rights; and (3) there was a causal relationship between the protected activity and the defendant's conduct. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005).

Because Frye's retaliation allegations are not the subject of the current pleadings, the Court will deny without prejudice his request to preserve any evidence concerning those claims.

However, the Court will permit Frye, in his amended complaint, to include any facts which support a retaliation claim in addition to those concerning his existing excessive force claims.

### D.  Renewed Motion for Appointment of Counsel

Finally, Frye seeks to renew his request to be appointed counsel.  ECF No. 57. As Frye must now file an amended complaint, the Court will again deny his request without prejudice for the reasons outlined in the Court's Order issued April 10, 2025, notably that he continues to be able to articulate his legal and factual arguments. This Court will reconsider appointment of counsel should Frye's Amended Complaint survive a motion to dismiss.

## IV.    CONCLUSION

By separate Order to follow, Defendants' Motion to Dismiss is denied without prejudice, and Frye will be granted leave to file an amend complaint within 28 days.  If Frye requires additional time to prepare his amended complaint, he may file a motion for extension of time requesting such relief.

| | |
|---|---|
| June 12, 2025 | /s/ |
| Date | Stephanie A. Gallagher<br>United States District Judge |